IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LISA M. SCHULTZ,

                Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner
for Social Security,

                Defendant.

OPINION AND ORDER

21-cv-170-wmc

---

Pursuant to 42 U.S.C. § 405(g), plaintiff Lisa M. Schultz seeks judicial review of the Social Security Commissioner's final determination upholding a finding that she was not disabled. On appeal to this court, plaintiff maintains that Administrative Law Judge ("ALJ") Arman Rouf erred in accounting for Schultz's subjective symptoms in crafting her residual functional capacity ("RFC"). For the reasons that follow, the court will affirm the Commissioner's denial.

BACKGROUND[1]

**A. Overview**

Plaintiff Lisa M. Schultz has at least a high school education, is able to communicate in English, and has past work experience as a transportation coordinator and home care worker. Schultz has not engaged in substantial gainful activity since December 15, 2018, the same date as her alleged onset disability date. Schultz applied for social security

---

[1] The following facts are drawn from the administrative record, which can be found at dkt. #17.

disability benefits and social security supplemental income on December 18, 2019. She has a date last insured of December 31, 2023.

With a birth date of May 3, 1963, Schultz was 55 years old on the alleged disability onset date, defining her as an individual of advanced age. 20 C.F.R. § 404.1563. Schultz claimed disability based on the following conditions: blind or low vision; atrial fibrillation and flutter; acuta renal failure; orthostatic dizziness; acute hypotension; steatohepatitis; acidosis lactic; hypothyroidism; hypokalemia, hypocalcemia, hypomagnesemia; and coronary artery disease. (AR 74.)

### B. ALJ Decision

ALJ Rouf held a telephonic hearing on August 12, 2020, at which Schultz appeared personally and through her counsel. On September 1, 2020, the ALJ issued an opinion finding that Schultz had not been under a disability within the meaning of the Social Security Act from his alleged disability onset date through the date of the decision.

The ALJ first determined that Schultz had the following severe impairments: "atrial fibrillation; coronary artery disease; cardiomyopathy; status post non-ST-elevation myocardial infarction (NSTEMI); peripheral neuropathy; and chronic obstructive pulmonary disease." (AR 22.) The ALJ also considered whether other physical health conditions and anxiety constituted severe impairments, concluding that they did not, findings plaintiff does not challenge on appeal. (AR 23-24.) Next, the ALJ considered whether Schultz's impairments or combination of impairments met or medically equaled various mental impairment Listings, concluding that they did not. (AR 25.) Here, too, Schultz does not challenge the ALJ's conclusions.

At step four, the ALJ further found that even with her impairments, Schultz had the residual functional capacity ("RFC") to perform sedentary work, with the following additional exertional restrictions: "can occasionally climb; can frequently operate controls with the bilateral lower extremities; must avoid extreme heat and extreme cold; [and] can tolerate occasional exposure to humidity, dust, odors, fumes, and other pulmonary irritants."  (AR 26.)

After setting forth the standard under SSR 16-3p, the ALJ described plaintiff's testimony about the extent of her health issues including her testimony that she suffered from two heart attacks in December 2018 and since that time has experienced chronic edema in her lower extremities, which requires her to elevate her legs while sitting.  She further testified that the edema starts within 20 minutes of being on her feet and is accompanied by burning pain.  In addition to cardiac and related problems, Schultz also testified to chronic back and arm pain, which she manages with Tylenol.  Finally, Schultz testified that she experiences respiratory problems, including coughing and shortness of breath, which she manages with an inhaler that she estimates using six to eight times per day.  As for her physical restrictions, Schultz further testified that she can only lift up to a gallon of milk and cannot walk or stand for more than 20 minutes at a time.  Despite this restriction, she also testified that when working at her part-time job, she estimated she is on her feet for about three hours of an eight-hour shift.  Finally, she also estimated that she spends about 90% of her day sitting with her legs elevated, presumably describing her days off work.

The ALJ then reviewed Schultz's medical records.  Material to her challenge on appeal, the ALJ specifically noted that a November 2019 medical record described "1+ pitting edema in both ankles, extending about one-third of the way up her legs" and that she had "decreased sensation in the left leg and right foot," although her gait was described as normal.  (AR 27.)  In addition, the ALJ reviewed medical records concerning chronic back pain, COPD, and ongoing cardiac concerns, but noted that recent records indicated that these conditions were adequately controlled.  (AR 27-28.)

After reviewing the medical record, the ALJ specifically considered the opinions of medical experts.  James Martin, M.D., conducted a medical consultative examination, in which he opined that Schultz was limited to sedentary, predominantly sit-down work and could lift up to 10 pounds.  He further restricted her to "walk[ing] at her own pace and distance, should rarely climb stairs and must avoid walking on uneven surfaces." (AR 28.) ALJ Rouf found Martin's opinion only "somewhat persuasive because they are somewhat consistent with the available medical evidence summarized above and are supported by the examiner's specialty and examining relationship with the claimant." (*Id.*)  As for Schultz's treatment provider, Scott Brandtmeier, D.O., the ALJ also found his opinions "somewhat persuasive," accepting Brandtmeier's opinion that Schultz could sit for six hours in an eight-hour day, but rejecting his opinion that she needs to elevate her legs at all times while sitting and that she would be absent from work three times per month.  (AR 28-29.) Specifically, with respect to needing to elevate her legs, the ALJ explained "the treatment notes from 2019 generally indicate no edema or no more than 1+ edema in the bilateral lower extremities." (AR 29.)  As for the state agency medical consultants' opinions, the

ALJ rejected the initial opinion that concluded she could perform medium exertional work, but concluded that the opinion on reconsideration that she could perform a full range of sedentary work was "somewhat persuasive," reasoning that additional restrictions as included in the RFC were required. (AR 29.)

Based on this discussion, with the assistance of a vocational expert ("VE"), the ALJ concluded that Schultz could perform her past work as a transportation coordinator and home care worker. As such, the ALJ concluded that Schultz was not under a disability, and this appeal followed.

## OPINION

The standard by which federal courts review a final decision by the Commissioner of Social Security is now well-settled: findings of fact are "conclusive," so long as they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Moreover, provided the Commissioner's findings under § 405(g) are supported by this kind of "substantial evidence," this court cannot reconsider facts, re-weigh the evidence, decide questions of credibility, or otherwise substitute its own judgment for that of the ALJ. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Finally, where conflicting evidence allows reasonable minds to reach different conclusions about a claimant's disability, the responsibility for the decision falls on the Commissioner. *Edwards v. Sullivan*, 985 F.2d 334, 336 (7th Cir. 1993). At the same time, courts must conduct a "critical review of the

5

evidence," *id.*, ensuring that the ALJ has provided "a logical bridge" between findings of fact and conclusions of law. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018).

Plaintiff raises one overarching challenge on appeal: that the ALJ failed to properly account for her symptoms in the RFC. Specifically, plaintiff challenges the ALJ's failure to consider her difficulty in walking and her edema and need to elevate her feet in crafting the RFC.[2] This challenge has various subparts, however, which the court will address in turn. *First*, plaintiff contends that the ALJ failed to account for limitations indicated by the consultative examiner Dr. James Martin. Specifically, plaintiff faults the ALJ for failing to include his restrictions with regard to the pace or distance she can walk, that she should only rarely climb stairs and should avoid uneven surfaces. (Pl.'s Opening Br. (dkt. #21) 7.) In response, the Commissioner points to medical records that the ALJ cited, noting that she had normal gait, normal range of motion and mostly normal strength, among other "normal" findings. (Def.'s Opp'n (dkt. #25) 9 (citing AR 27-28).) While the ALJ did not specifically cite these findings in limiting the weight he placed on Martin's opinion, he did generally explain that he was discounting Martin's opinion because it was "somewhat inconsistent" with the medical evidence. (AR 28.) Still, it is not clear if Martin's findings about pace and distance, stair climbing, and avoiding uneven surfaces were necessarily limited or undermined by medical notes showing normal gait, range of motion and strength.

---

[2] For reasons that are not clear, in her opposition brief, the Commissioner begins her brief by arguing that Schultz did not have significant mental restrictions, but plaintiff did not argue that this was a basis for reversal and remand in her opening brief, so the court does not address this argument.

Interestingly, in her opposition brief, the Commissioner offers another response -- that plaintiff failed to demonstrate that including these restrictions would make her unable to perform her past relevant work as a transportation coordinator, citing the Dictionary of Occupational Titles § 184.117-014 for that job, which provided no indication that a significant amount of walking would be required, regardless of distance or speed, or a need to walk on uneven surfaces, and further provided that climbing stairs was an activity that did "not exist" in that job. (Def.'s Opp'n (dkt. #25) 14.) In her reply brief, plaintiff simply notes that sedentary work requires "a certain amount of walking and standing," and, therefore, the ALJ was required to address Martin's proposed restrictions. This general argument, however, falls short of explaining why this restriction would be material to Schultz's specific disability claim. *See Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result.").

*Second*, plaintiff contends that the ALJ erred in his consideration of her treating physician Dr. Brandtmeier's opinion that she needs to elevate her legs, would require shifting of positions at will, and would be absent from work three times a week. (Pl.'s Opening Br. (dkt. #21) 8 (discussing AR 1489).) The focus of plaintiff's challenge is on her edema and need to elevate her legs. In response, the Commissioner argues that other than one note of pitting edema at a 2+ level, plaintiff's documented edema was at most at 1+, which, citing to a San Diego School of Medicine guide, the Commissioner describes as "minimal edema." (Def.'s Opp'n (dkt. #25) 11 & n.2.) Moreover, in considering

7

Brandtmeier's opinion, the ALJ explained that "the treatment notes from 2019 generally indicate no edema or no more than 1+ edema in the bilateral lower extremities." (AR 29.) While the court declines to consider the Commissioner's extraneous citations to online medical documents, the court agrees that the ALJ viewed her edema as having improved overtime, thus adequately explaining why he rejected any requirement for her to elevate her legs while sitting. (AR 1489.) At minimum, the ALJ built a "logical bridge" between the record and his rejection of this portion of Brandtmeier's opinion. *See Stephens*, 888 F.3d at 327.

*Third*, plaintiff argues that the ALJ's treatment of plaintiff's symptoms is flawed because he cherry-picked more favorable notes in the medical record, failing to recognize ongoing cardiac and edema issues. (Pl.'s Opening Br. (dkt. #21) 10.) The court, however, does not read the ALJ's decision this way. Instead, the record reflects, as the ALJ described, Schultz's medical impairments improved over the relevant period with proper medication management. Regardless, in making this general argument, plaintiff fails to explain how the medical record warrants additional restrictions beyond the sedentary designation with additional exertional requirements in plaintiff's RFC.

ORDER

IT IS ORDERED that the decision of defendant Kilolo Kijakazi, Acting Commissioner of Social Security, denying plaintiff Lisa M. Schultz's application for social security disability benefits is AFFIRMED. The clerk of court is directed to enter judgment in defendant's favor and close this case.

Entered this 27th day of June, 2022.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      WILLIAM M. CONLEY
                                      District Judge